IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, THE FOX VALLEY LABORERS' PENSION FUND, and PAT SHALES, Administrator of the Funds,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>TNT LANDSCAPE CONSTRUCTION INC., d/b/a TNT CONSTRUCTION, INC., an Illinois corporation, TNT RESTORATION CONSTRUCTION, INC., an Illinois Corporation, NICHOLAS KROCKERT, individually, and TIMOTHY TERLECKI, individually,<br><br>　　Defendants. | Case No. 16-cv-9522<br><br>Judge Charles Norgle |

**PLAINTIFFS' MOTION FOR DEFAULT AND FINAL JUDGMENT AGAINST TNT LANDSCAPE CONSTRUCTION INC. AND TNT RESTORATION CONSTRUCTION, INC. AND TO DISMISS INDIVIDUAL DEFENDANTS**

Plaintiffs FOX VALLEY LABORERS' HEALTH AND WELFARE FUND ("Welfare Fund"), THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund"), and PAT SHALES, administrator of the Funds, (collectively, "the Funds"), through their attorneys Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, pursuant to Fed. R. Civ. P. 55(b), respectfully move this court for entry of final judgment, in the form of the attached proposed order, against Defendants TNT Landscape Construction Inc. d/b/a TNT Construction, Inc., an Illinois Corporation, ("TNT Landscape") and TNT Restoration Construction, Inc., an Illinois company, ("TNT Restoration") on Counts I through IV of the Complaint. The Funds ask that the

remaining defendants be dismissed without prejudice. In support of their motion, the Funds state as follows:

1. The Funds filed their five-count Complaint against Defendants on October 5, 2016. Complaint [Doc. No. 1].

2. Initially, attorney Kori Bazanos appeared for all four defendants in this case. However, on May 24, 2017 Bazanos filed her Motion to Withdraw as Counsel [Docket No. 56], which the Court granted by Order of June 14, 2017 [Docket No. 60]. The Order of June 14 further required all defendants to appear within 28 days.

3. On June 23, 2017, counsel from Gordon Rees Scully Mansukhani ("Gordon Rees") appeared for Defendants TNT Landscape and TNT Restoration (collectively, "TNT Companies") [Docket Nos. 61 & 62].

4. On November 28, 2017 Gordon Rees filed its motion to withdraw as counsel for TNT Companies [Docket No. 89], which the Court granted by Order of December 14, 2017 [Docket No. 91].

5. Defendant TNT Companies are without counsel and are now in default under Fed. R. Civ. P. 55(a) for their failure to defend the claims against them. *See, e.g.*, *Alacran Contr.*, 2015 U.S. Dist. LEXIS 45089, *3 (N.D. Ill. Apr. 7, 2015) (entering default under Fed. R. Civ. P. 55(a) for failure of corporation to obtain new counsel).[1]

6. Pursuant to Federal Rule of Civil Procedure 55(b)(2), this motion is being served on the TNT Companies by mail at least 7 days before it is scheduled for hearing.

7. The Funds' are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29

---

[1] Plaintiffs also brought claims against Defendants Tim Terlecki and Nicholas Krockert, but now ask that those claims be dismissed without prejudice.

U.S.C. § 1002(3) and (37A). The Funds maintain offices and conduct business within the district. The Funds are agents for the purpose of collecting employer contributions and deductions required to be paid on behalf of the Safety Fund, the Apprenticeship Fund, the CAICA Fund, the IAF Fund, the Laborers' District Council Labor Management Cooperation Committee ("LMCC"), the Laborers-Employers Cooperation and Education Trust ("LECET"), and the Construction and General Laborers' District Council of Chicago and Vicinity's Work Dues Fund ("Dues Fund") , (collectively, the "Affiliated Organizations"). *See* Declaration of Pat Shales ("Shales Decl."), attached hereto as Exhibit 1, ¶¶ 3, 9.

8. On August 5, 2014, Tim Terlecki signed a one-page Independent Construction Industry Collective Bargaining Agreement with the District Council on behalf of TNT Restoration (doing business as "TNT Construction, Inc."). The Agreement obligates TNT Restoration to make monthly contributions to the Funds on behalf of its employees covered by the Agreement for health, welfare, and pension benefits, in proportion to the number of hours worked by those employees. Ex. 1, Shales Decl., ¶¶ 6, 8, and Exhibit A thereto.

9. TNT Restoration is an alter ego, single employer, and/or successor to TNT Landscape and both TNT Companies are bound to the Agreement. *Id*. at ¶ 7.

10. The Agreement requires the TNT Companies to make contributions to the Affiliated Organizations on behalf of its employees covered by the Agreement in proportion to the number of hours worked by those employees, and to provide reports stating the amount of contributions it owes. *Id*. at ¶ 10.

11. The Agreement further requires the TNT Companies to deduct union dues from the wages earned by its employees covered by the Agreement and to remit those dues to the District Council for the Dues Fund, and to provide reports stating the amount of union dues it

3

must deduct and remit. The union dues are to be deducted at the rate of 3.75% of wages. *Id*. at ¶ 10, and Exhibit B thereto.

12. Pursuant to the Agreement, Employers who fail to report and/or remit contributions to the Pension, Welfare, and Apprenticeship Funds are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed for the Pension, Welfare, and Apprenticeship Funds, and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs. *Id*. at ¶ 13.

13. Pursuant to the Agreement, Employers who fail to report and/or remit contributions to the LMCC, LECET, CAICA, and Dues Funds are liable to pay an additional 10% in liquidated damages, and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs. *Id*. at ¶ 14.

14. Liquidated damages and interest owed pursuant to the Funds' collection procedures and 29 U.S.C. § 1132(g)(2) are a "mandatory rather than a discretionary determination on the part of the court." *Central States, Southeast and Southwest Areas Pension Fund*, 795 F. Supp. 2d 740, 744 (N.D. Ill. 2011).

15. Notwithstanding its obligations under the Agreement, the TNT Companies failed to pay certain contributions for the period of August 5, 2014 through June 30, 2017, as revealed through an audit, thereby depriving the Funds and the Affiliated Organizations of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries. *Id*. at ¶ 12.

16. Despite demand duly made, TNT Companies have not remitted all contributions and other amounts that are due and owing for the period of August 5, 2014 through June 30, 2017. *Id*. at ¶ 15. TNT Companies' only payments towards these delinquencies are three checks, numbers 10274, 10275, and 10276 in the respective amounts of $631.20, $631.20, and $841.60.

17. TNT Companies' failure to submit contributions to the Funds and Affiliated Organizations violates ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301, 29 U.S.C. § 185.

18. Based on the amount of work Plaintiffs' counsel has completed to date and the work Plaintiffs' counsel anticipates doing in the future to bring this matter to conclusion, Plaintiffs have incurred or will incur attorneys' fees and costs in the amount of $49,121.71 related to collection (Declaration of Josiah A. Groff ("Groff Decl."), attached hereto as Exhibit 2, ¶ 8.

19. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' Trust Agreements, the TNT Companies are liable to the Pension, Welfare, Safety, and Apprenticeship Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs, and the TNT Companies are liable to the LMCC, LECET, CAICA, and Dues Funds for unpaid contributions, liquidated damages in the amount of 10%, and reasonable attorneys' fees and court costs, in the amount of $1,024,262.35, as demonstrated in the chart below:

| **Delinquent Contributions Aug. 5, 2014 - June 30, 2017** | **Amount** |
|---|---|
| Welfare Fund | $ 289,151.70 |
| Pension Fund | $ 247,624.48 |
| Apprenticeship Fund | $ 10,739.64 |
| CAICA | $ 1,707.46 |
| LDCLMCC | $ 3,402.78 |
| LECET | $ 1,493.99 |
| Dues Fund | $ 20,788.98 |
| **Sub-Total:** | **$ 574,909.03** |
| Liquidated Damages (@20%) | $ 109,503.16 |
| Liquidated Damages (@10%) | $ 2,739.32 |
| Interest | $ 286,969.37 |
| Audit Fees | $ 3,123.75 |
| Attorney Fees | $ 49,121.71 |
| (Less Check No. 10276) | $ (841.60) |
| (Less Check No. 10274) | $ (631.20) |
| (Less Check No. 10275) | $ (631.20) |
| **TOTAL OWED:** | **$ 1,024,262.35** |

Ex. 1, Shales Decl., ¶ 15; Ex. 2, Groff Decl., ¶ 8.

20. Plaintiffs request that their claims against Defendants Tim Terlecki and Nicholas Krockert be dismissed without prejudice.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request that the Court enter a final judgment against Defendants TNT Landscape Construction, Inc. and TNT Restoration Construction, Inc., jointly and severally, in the amount of $1,024,262.35, and dismissing Defendants Tim Terlecki and Nicholas Krockert without prejudice.

        Respectfully submitted,

        /s/ Elizabeth L. Rowe
        Elizabeth L. Rowe
        An Attorney for the Plaintiffs

J. Peter Dowd (ARDC# 0667552)
Josiah A. Groff (ARDC# 6289628)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT, CERVONE,
    AUERBACH & YOKICH
8 S. Michigan Ave. – 19th Floor
Chicago, IL 60602
312-372-1361

January 5, 2018